McFarland, J.,
delivered the opinion of the court:
This is an action of ejectment in which the plaintiffs were successful, and the defendants have appealed in error. The plaintiffs claimed to deraign their title from one Ca-they, to whom the first grant was issued in 1788. The defendants claim under a grant of much younger date, to their ancestor, Edwin 0. Hunter. The boundary lines between .these grants was one of tbe disputed questions‘of fact.
There was testimony tending to show that the grants *98 overlapped, and in this aspect of tbe case tbe defendants claimed tbat tbeir title bad become superior by virtue of seven years actual- adverse possession of a part of tbe land covered by both gran ts. Tbe supposed interlock was a strip some twenty-tbree poles wide, extending across tbe entire southern boundary of tbe Catbey grant. Tbe land covered by tbat grant bad been subdivided into several different tracts. Tbe part claimed by tbe plaintiffs lies on tbe eastern side of tbe grant, and extends to tbe southern boundary. Tbe southwestern part of tbe tract was conveyed to other parties. It was not contended by tbe defendants tbat tbeir actual possession of tbe interlock of tbe two grants was of tbat part covered by tbe deeds of tbe plaintiffs, and claimed by them, but of a portion of tbe interlock lying further west, and covered by deeds of tbe other parties, who bad become.owners of parts of tbe Catbey grant. Upon these facts tbe court was asked to charge tbat it was sufficient for tbe defendants to show tbat they bad held seven years’ actual and exclusive adverse possession of any part of tbe land common to both grants, without regard to whether tbe part so held was a part covered by tbe plaintiff’s deeds and claimed by them or not. This proposition bis honor, tbe circuit judge, refused, and held tbat such possession would not affect tbe plaintiffs.
We are of opinion tbat tbe circuit judge was correct. Numerous cases in this state bold tbe general proposition tbat seven years actual and exclusive adverse possession of part of tbe interlock or land covered by both titles will vest the younger grantee with tbe better title, but this adverse possession can only operate against tbe party whose seizure is thereby ousted, and whose title is being thereby defeated. If tbe adverse possession claimed by tbe defendants in this case bad occurred at a time when tbe Catbey grant was still held and owned by one person, then tbe possession of any part of tbe interlock would have been sufficient, and would, in due time, have perfected tbe title to tbe whole of tbe interlock in favor of tbe younger *99 grantee, and a subsequent grantee- under tbe Catbey grant would* bave been likewise concluded.
But as we understand this record, tbe Catbey grant bad been subdivided, and tbe lands claimed by tbe plaintiffs constituted separate tracts before tbe beginning of tbe adverse possession claimed by tbe defendants, so tbat wben tbe defendants took adverse possession of part of tbe land covered by botb grants, it was of tbat part not owned or claimed by these plaintiffs, or those under whom they claimed, but of land held and claimed by other parties, who simply claimed to bave derived their title from tbe same source. We bave examined tbe authorities referred to by tbe counsel for tbe plaintiff in error, and we do- not think they sustain bis position. Talbot v. McGavock, 1 Yer., 262; Waddle v. Stuart, 4 Sneed, 534; Norvell v. Gray, 1 Swan, 95; Smith v. McCall, 2 Hum., 163; Tilghman v. Baird, 2 Sneed, 196. While we do not find this precise state of facts in any of- tbe cases, tbe general principles settled by them sustain tbe circuit judge. We refer especially to tbe case of Stewart v. Harris, 9 Hum., 714, which we think settles tbe principle. In tbat case Mr. Stewart bad title to a tract of one thousand acres of land, and sold and conveyed tbe western half by metes and bounds to J. Stewart. Tbe whole tract was then sold under a void tax sale to Harris, to whom a deed was made, and who took actual possession of tbe eastern half, held for seven years, claiming tbe whole tract under bis deed. It was held tbat this adverse possession did not extend to tbe western half, or affect J. Stewart’s title thereto, although he was never in actual possession of bis part of tbe land. This was upon tbe grounds tbat from tbe date of tbe conveyance to J. Stewart, the eastern and western metes became separate tracts, and possession of one did not affect tbe other. Wben tbe defendants in this case took possession, it was of land to which tbe plaintiffs bad no- claim; they could not sue, nor could they take any steps to protect *100 themselves agaiiist the defendants, and we see no principle upon which adverse possession of land held by others could be held to divest them of their title.
The next ground of error assigned is the action of the court in excluding certain portions of the deposition of Jesse Stegall. The deposition appears to have been taken in another case, to which, so far as we can see, these plaintiffs were not parties. The ground of the exception is not stated, but it may be conceded that it was not upon the ground that the deposition was taken in another case, but upon the ground that the matter excluded was illegal. The testimony of this witness relates i» that part of the line-west of the laud of the plaintiff, and between.a tract or tracts then owned by the witness and the ancestor of the defendants, the boundary line being the southern boundary line of the Cathey grant, the same line bounding the plaintiff’s tracts. We see nothing very objectionable in the testimony excluded, but taking the deposition as a whole we do not think any material part of it has been excluded.
One portion excluded is as follows: “When I was clearing and setting my fence .next Edwin 0. Hunter, he came often to see that I did not get over on his side. I set my fence close to his line, about fifteen or eighteen poles north of his old turnip patch, between the branches of the creek.”
Edwin C. Hunter was the ancestor of the defendants, and was dead, and it is claimed that his statements were admissible upon this ground. Statements of deceased persons as to boundary, made before any controversy has arisen, are generally admissible, but generally parties cannot make testimony for themselves.
The testimony would have shown that Hunter claimed to that line, but that was not a disputed question,- and the witness proved in the same deposition, without objection, that Hunter’s north boundary line was his south boundary line, which lie understood from -Alexander Reed, Violet Cathey, and others, and from all the neighbors, to be the *101 south boundary line of the Oatbey tract, and the facts in regard to tbe possession of Hunter- — that is, Ms turnip patch and field, were admitted without objection. The other portion of the deposition excluded, without setting it out, was not more important or material than the above, and we cannot see that proof of any controverted facts material to the cause, or in any 'degree likely to change the result, has been excluded. The cause was one of conflict in the testimony — was closely contested in the court below, and to authorize a reversal for the exclusion of testimony, it should appear to have been pertinent and material, and such as might have changed the result. For similar reasons we think there was no error in excluding the testimony of the witness Mullins.
The only other error assigned is the proposition of the circuit judge that twenty years’ actual possession under a deed raises a presumption of-a grant. That is, as the charge may be fairly taken to mean, actual possession of part of the tract claiming under a deed describing the boundary, raises a presumption of a grant not only as to the land actually inclosed, but also to the extent of the boundaries. It is insisted that the presumption only extends to the actual inclosure. We think the contrary is well settled and is clearly recognized in the cases referred to by counsel for plaintiff in error. Cockrill v. Scales, 3 Head, 432; Snoddy v. Kreutch, 3 Head, 301; Marr v. Gilliam, 1 Cold., 490. See also 9 Hum., 402.
There is no error in the record, and the judgment will be affirmed.